## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian K. Pratt,<br><br>Plaintiff,<br><br>vs.<br><br>NCO Financial Systems, Inc.,<br><br>Defendant. | Civil File No: _____<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1.   This action arises out of the Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION

2.   Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C.

§ 1692k(d).

3.   Venue is proper in this District because the acts and transactions occurred here,

Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.   Plaintiff Brian K. Pratt ("Pratt" or "Plaintiff") is a natural person residing in the

County of Hennepin, State of Minnesota, and is a "consumer" as that term is

defined by 15 U.S.C. § 1692a(3).

5.   Defendant NCO Financial Systems, Inc. ("NCO" or "Defendant"), is debt

collection agency operating from an address of 507 Prudential Road, Horsham,

Pennsylvania 19044.   NCO is a "debt collector" as that term is defined by 15

U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.    Plaintiff allegedly incurred a financial obligation with Wells Fargo Bank, which is

a creditor as that term is defined by 15 U.S.C. § 1692a(4).

7.    The alleged obligation was primarily for personal, family or household purposes,

which is an alleged "debt" as that term is defined by 15 U.S.C § 1692a(5), namely

a consumer debt.

8.    Plaintiff's alleged debt was consigned, placed or otherwise transferred to

Defendant for collection from Plaintiff sometime before April 2011.

9.    On or about April 23, 2011, NCO left a scripted telephonic voice message in an

attempt to collect a debt and in connection with the collection of a debt.

10.    Specifically, NCO left the following scripted telephonic voice message on or

about April 23, 2011:

> This is an important message from NCO Financial
> Systems, a debt collection company.   This is an
> attempt to collect a debt and any information obtained
> will be used for that purpose.  Please return the call to
> Alex Worgess at 800-350-2457.   Again, that's Alex
> Worgess at 800-350-2457.   Thank you.   NCO
> Financial systems is a debt collection company.  This
> is an attempt to collect a debt and any information
> obtained will be used for that purpose.

11.    Plaintiff left the same or substantially similar telephonic voice message on two

additional occasions in an attempt to collect a debt and in connection with the

collection of a debt on or about April 23, 2011, and on or about April 26, 2011.

12.   NCO's messages were heard by at least one third party, Plaintiff's former roommate, Steven R. Goldberg, who did not have a legitimate business need for the information communicated in the messages.

13.   Plaintiff did not authorize NCO to communicate with any third parties.

14.   NCO knew or had reason to know that persons other than Plaintiff may hear its telephonic voice messages left between April 23, 2011 and April 26, 2011 as a result of the outgoing message on the answering machine, which indicated that multiple persons would hear any messages left by callers.

15.   NCO communicated with a third party in connection with the collection of a debt and in an attempt to collect a debt in violation of 15 U.S.C. §§ 1692d and 1692c(b). *See Cordes v. Frederick J. Hanna & Associates, P.C.*, -- F.Supp.2d --, 2011 WL 2214939 (D. Minn.).

16.   Defendant's conduct caused Plaintiff actual damages under the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by NCO.

17.   Plaintiff has incurred actual damages under the FDCPA in the form of out-of-pocket expenses as a result of NCO's acts and omissions.

### *Respondeat Superior Liability*

18.   The acts and omissions of Defendant's employee(s), who communicated with Plaintiff as more fully described herein, were committed within the time and space limits of the employee(s) agency relationship with the employee(s) principal, NCO.

19.    The acts and omissions by Defendant's employee(s) were incidental to, or of the same general nature as, the responsibilities this/these agent(s) was/were authorized to perform by NCO in collecting consumer debts.

20.    By committing these acts and omissions against Plaintiff, Defendant's employee(s) was/were motivated to benefit the employee(s) principal, NCO.

21.    Defendant NCO is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employee(s), including but not limited to violations of the FDCPA in the employee(s) attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

22.    Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 ET SEQ.

23.    Plaintiff incorporates by reference each and every above stated allegation as though fully stated herein.

24.    The foregoing acts of the Defendant constitute distinct violations of the FDCPA against the Plaintiff herein, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C § 1692 *et. seq.*

4

25.   As a result of said violations, Plaintiff has suffered actual damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment, amongst other negative emotions, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

26.   As a result of said violations, Plaintiff has incurred out-of-pocket expenses, and therefore Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) of the FDCPA.

27.   As a result of said violations, Plaintiff is entitled to statutory damages of $1,000.00 from Defendant, and for Plaintiff's attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(2)(A) and 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter the following judgment, in Plaintiff's favor:

### COUNT I: FDCPA VIOLATIONS

- For declaratory and injunctive relief;
- For an award of statutory damages of $1,000.00 for the Plaintiff herein, for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant;
- For an award of costs and reasonable attorneys' fees under the FDCPA pursuant to 15 U.S.C. § 1692k(a)(3), against Defendant, for Plaintiff herein;
- For an award of actual damages, costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k(a)(1) against Defendant herein in an amount to be determined at trial; and
- For such other and further relief as may be just and proper.

Dated:  January 20, 2012.                **MARSO AND MICHELSON, P.A.**


By:   s/Patrick L. Hayes

5

Patrick L. Hayes (0389869)
William C. Michelson (129823)
Attorneys for Plaintiff
3101 Irving Avenue South
Minneapolis, Minnesota 55408
Telephone: 612-821-4817
phayes@marsomichelson.com